# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Joseph Emerson,       Case No. 3:19CV414

    Plaintiff

    v.      ORDER

CBS Headquarters, *et al.*,

    Defendants

    Joseph Emerson brings this *pro se* action against CBS Headquarters, Britney Spears, and Warner Brothers Entertainment. He summarizes his claims as follows: "interstate sex traffic pipefitter books, slander, obstruction of justice and potential incomes." (Doc. 1 at 3). Although his claims are difficult to decipher, Emerson appears to allege that the defendants have interfered with his ability to get a job or have a "relationship [with] any female." (*Id.* at 4). As relief, he seeks $5 million from each defendant. He also asks that I award damages to four non-parties, whose relationship to his claims are unclear.

    I will dismiss the complaint for a lack of subject matter jurisdiction.

    Emerson alleges that jurisdiction is proper under 28 U.S.C. § 1331. He is incorrect.

    Federal courts lack subject-matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose

1

of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008).

Emerson's claims are "wholly insubstantial and frivolous." *Bell*, *supra*, 327 U.S. at 682-83.

First, Emerson identifies no federal laws that could afford him relief. Indeed, Ohio law, not federal law, governs his slander claim. *See* Ohio Rev. Code §§ 2739.01, *et seq.*

Next, even construing the complaint so liberally as to assume Emerson alleges that CBS and Warner Brothers discriminated against him by denying him a job writing television scripts, he neither claims nor implies that the defendants discriminated against him based on a federally protected characteristic. *See* 29 U.S.C. §§ 621, *et seq.* (prohibiting discrimination based on age); 42 U.S.C. §§ 2000e, *et seq.* (prohibiting discrimination based on race, color, religion, sex, or national origin); 42 U.S.C. § 12101, *et seq.* (prohibiting discrimination based on disability).

In sum, Emerson's complaint raises fanciful allegations against celebrities to whom his connection is tenuous, at best, and grieves television companies' declination to produce his ideas. Such allegations do not make out a viable legal claim.

For these reasons, Emerson's complaint is so frivolous and insubstantial as to fall outside the court's federal-question jurisdiction.

**Conclusion**

It is, therefore,

ORDERED THAT

1. This action (Doc. 1) be, and the same hereby is, dismissed for lack of subject-matter jurisdiction; and

2. I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision would not be in good faith and shall not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge